IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUNKERS INTERNATIONAL CORP., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION H-10-3756 |
| § | IN ADMIRALTY, Rule 9(h) |
| CARREIRA PITTI, P.C. and BANCO § | |
| BILBAO VIZCAYA ARGENTARIA, S.A.,§ | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

Pending before the Court in the above referenced cause is Plaintiff Bunkers International Corporation's Federal Rule of Civil Procedure 41(a)(1)(A)(i) Notice of Dismissal of Garnishee/Defendant Banco Bilbao Vizcaya Argentaria, S.A. ("Banco Bilbao") without prejudice.

Banco Bilbao had not filed an answer or a motion for summary judgment before the Notice of Dismissal was filed. Banco Bilbao did file a special appearance and motion to dismiss under Federal Rule of Civil Procedure 12(b)(4)(insufficient process) and/or 12(b)(5)(insufficient service of process), or in the alternative motion to dismiss under Fed. Rule Civ. P. 12(b)(2)(lack of personal jurisdiction) and/or 12(b)(3)(improper venue), or in the alternative under Fed. Rule Civ. P. 12(b)(6)(failure to state a claim upon which relief can be granted) or in the alternative

motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) (instrument #11, filed on December 2, 2010).  On May 19, 2011, the Court ordered Plaintiff to file a response by May 29, 2011 or the Court would consider the motion unopposed and review it.  #15.  Plaintiff did not file a response.  Banco Bilbao then filed a brief to exclude late filed response, if any, to #11, in which Banco Bilbao states that it is "uncertain if Plaintiff even obtained service over the true Defendant, Carreira Pitti, P.C." and asks the Court to grant its first motion to dismiss the claims against it for lack of personal jurisdiction because Plaintiff has not met its burden of establishing jurisdiction.

Rule 41(a)(A)(i) grants plaintiff a unilateral right to dismiss an action without prejudice and without consent of the Court by filing a notice of dismissal before the defendant has filed an answer or a motion for summary judgment.  That right is not cut off by a motion to dismiss.  *Exxon Corp. v. Maryland Casualty Co.*, 599 F.3d 659, 661 (5th Cir. 1979).  Moreover a Notice of Voluntary Dismissal filed after a motion challenging personal jurisdiction is not untimely, nor is dismissal barred because the case would remain pending against another defendant.  *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253, 254 (5th Cir. 1973).

Accordingly, the Court

ORDERS that Banco Bilbao is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Banco Bilbao's motion to dismiss (#11) is moot.

**SIGNED** at Houston, Texas, this  27th  day of  June , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE